RISHI BHANDARI (SBN 226055)
rb@mandelbhandari.com
**MANDEL BHANDARI LLP**
80 Pine Street, 33rd Floor
New York, NY 10005
Telephone: (212) 269-5600
Facsimile: (646) 964-6667

*Attorneys for Plaintiffs The Bryn Mawr Trust Company of Delaware, Premier Trust, Inc., and Adeeti Aggarwal*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BRYN MAWR TRUST COMPANY OF DELAWARE, as TRUSTEE for the SANGEETA AGGARWAL IRREVOCABLE TRUST, PREMIER TRUST, INC., as TRUSTEE for the AGGARWAL 2024 IRREVOCABLE TRUST, and ADEETI AGGARWAL, as TRUSTEE for the AGGARWAL CHARITABLE REMAINDER TRUST,<br>Plaintiffs,<br>-against-<br>EVALUESERVE HOLDINGS AG,<br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiffs The Bryn Mawr Trust Company ("**Bryn Mawr**") as Trustee for the Sangeeta Aggarwal Irrevocable Trust, Premier Trust, Inc. ("**Premier Trust**") as Trustee for the Aggarwal 2024 Irrevocable Trust, and Adeeti Aggarawl, as Trustee for the Aggarwal Charitable Remainder Trust ("**ACR**") by and through their attorneys, Mandel Bhandari LLP, for their Complaint against Defendant Evalueserve Holdings AG ("**Evalueserve**"), respectfully allege as follows on information and belief:

## NATURE OF THE CLAIMS

1. This case challenges a corporate resolution passed at an improperly noticed and facially invalid shareholder meeting.

2. The Plaintiffs, Bryn Mawr, Premier Trust, and Adeeti Aggarwal (the "**Trustees**") are Trustees of three trusts (the "**Trusts**") that are each substantial shareholders in Defendant Evalueserve Holdings AG ("**Evalueserve**"). The Trusts that Plaintiffs represent collectively own over 4.8 million shares of the company.

3. On June 24, 2025, Evalueserve purported to hold its annual general shareholders meeting in Zurich at the offices of Baker McKenzie Switzerland AG.

4. Despite their entitlement to participate at this meeting and vote on any shareholder resolutions proposed by management on behalf of the Trusts, Plaintiff received no notice of this meeting. As a consequence, Plaintiffs did not attend and did not provide proxies to anyone.

5. At the meeting, Evalueserve management proposed major alterations to Evalueserve's governing documents, its Articles of Association ("**AoA**"). These alterations gave management the power to substantially dilute existing shareholders, including the Trusts, and effectively remove the right of minority shareholders to block the sale or liquidation of the business.

6. Another minority shareholder who was in attendance at the meeting voted against the alterations to the AoA. However, many minority shareholders were absent, having not been provided with notice of the meeting.

1

COMPLAINT

7. The resolutions proposed by Evalueserve's management required a supermajority of the shareholder vote to be approved.

8. Had Plaintiffs been provided with notice of the meeting so that they could either have either attended or provided other attendees with their proxies, the resolutions proposed by Evalueserve's management would not have been approved.

9. However, because Evalueserve failed to provide proper notice of the meeting, the resolution was purportedly approved. As such, Evalueserve management now claims the ability to substantially dilute the minority shareholders, including the Trusts, and remove their ability to have meaningful influence on the corporate governance of Evalueserve.

10. Under Swiss law, "every shareholder may challenge resolutions of the general meeting which violate the law or the articles of association by bringing action against the company before the court."

11. Since Evalueserve violated its AoA by holding an improperly noticed general meeting and purporting to approve a resolution designed to dilute existing shareholders, Plaintiffs have no choice but to file suit seeking to invalidate that meeting and all actions taken therein.

**THE PARTIES, JURISDICTION, AND VENUE**

12. Plaintiff Adeeti Aggarwal is the Trustee for Aggarwal Charitable Remainder Trust ("**ACR**") a trust organized under the laws of California. Adeeti Aggarwal resides in Saratoga, California. Adeeti Aggarwal files suit on behalf of ACR, as a trust cannot sue in its own name.

13. Plaintiff The Bryn Mawr Trust Company ("**Bryn Mawr**") is the Trustee for the Sangeeta Aggarwal Irrevocable Trust ("**SAI**"), a trust organized under the laws of California. Bryn Mawr resides in Willington, Delaware. Bryn Mawr files suit on behalf of SAI, as a trust cannot sue in its own name.

14. Plaintiff Premier Trust, Inc. ("**Premier Trust**") is the Trustee for the Aggarwal 2024 Irrevocable Trust ("**A2024**"), a trust organized under the laws of California. Premier Trust resides in Henderson, Nevada. Premier Trust files suit on behalf of A2024, as a trust cannot sue in its own name.

15. Defendant Evalueserve Holdings AG ("**Evalueserve**") is an "Aktiengesellschaft," or "company limited by shares," organized under the laws of Switzerland and legally similar to an American corporation. Evalueserve is headquartered in Zug, Switzerland but operates an office in San Francisco, California.

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) as the matter in controversy in this action exceeds $75,000 and Evalueserve is a subject of a foreign state.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claim occurred within this district. In addition, venue is proper under 28 U.S.C. § 1391(b) as Evalueserve is a foreign corporation.

## STATEMENT OF FACTS

**Background**

18. Evalueserve is a knowledge process outsourcing company that provides data analytics services to financial institutions and corporate clients. Evalueserve was founded in late 2000 by Alok Aggarwal and Marc Vollenweider, two former McKinsey partners, as a way of using the skills and talents available in India to provide cost-effective outsourced data analytics to companies all over the world.

19. Over the last twenty-five years, Evalueserve has been an enormous success. It boasts seventeen offices and provides services in over forty-five countries.

20. As a result, the shares owned by Aggarwal and Vollenweider have appreciated substantially and are presently worth many millions of dollars.

21. As part of his charitable giving and estate planning, Aggarwal created the Trusts and transferred to them ownership of approximately 4,843,802 Evalueserve shares.

22. The transfer of the Evalueserve shares was properly communicated to Evalueserve, which has not challenged the transfer.

23. At all times relevant to this action, Adeeti Aggarwal has been the Trustee of ACR.

24. At all times relevant to this action, Premier Trust has been the Trustee of A2024.

25. At all times relevant to this action, Bryn Mawr has been the Trustee of SAI.

26. The Trustees' mailing addresses and other contact information have been provided to Evalueserve. Indeed, Evalueserve's share register properly reflects the name and contact information for each Trustee.

**The Articles of Association**

27. When founded in late 2000, Evalueserve was originally structured as a limited company under the laws of Bermuda.

28. On or about December of 2019, Evalueserve reorganized itself as an "Aktiengesellschaft," or "company limited by shares," organized under the laws of Switzerland. Evalueserve relocated its corporate headquarters to Zug, a small city just outside of Zurich.

29. Since its reorganization, Evalueserve has been governed by its Articles of Association ("**AoA**"), similar to a corporation's articles of incorporation under the laws of most United States jurisdictions. A copy of the AoA is attached hereto as **Exhibit 1**.

30. The AoA provide key shareholder rights guarantees. The AoA contain provisions that restrict the issuance of new shares of stock, provide for certain issues to be decided by shareholder vote rather than by corporate directors or officers, and dictate the internal processes that ensure proper corporate governance.

31. Several provisions of the AoA are relevant to this action.

32. Articles 3 and 4 of the AoA limits the number of shares that the company may issue.

33. Article 12 of the AoA requires that all shareholders be provided with at least twenty day's notice of the annual Shareholder General Meeting, or "convocation."

34. Article 12 of the AoA also provides that "The notice convening the meeting shall state the date, the commencement, the nature and venue of the General Meeting, the agenda items, the motions of the Board of Directors, if applicable, the motions of the shareholders together with a brief statement of the reasons thereof, and, if any, the name and address of the independent proxy."

1   35.     Article 13 of the AoA further provides that "No resolutions may be passed at a General Meeting on motions concerning agenda items for which proper notice was not given."

2   36.     Article 9 of the AoA makes clear that certain actions may only be taken by a vote at the General Meeting. In particular "adoption and amendment" of the AoA itself is "inalienable" to the General Meeting and can be accomplished in no other fashion.

**The June 24, 2025 General Meeting**

37.     On June 24, 2025, Evalueserve purported to hold a General Meeting in Zurich at the offices of Baker McKenzie Switzerland.

38.     Plaintiffs were never provided with any notice of this meeting.

39.     Plaintiffs did not attend this meeting and no party was authorized to vote the shares of the Trusts they oversee.

40.     This was not an oversight. Indeed, in the minutes generated from the June 24, 2025 meeting, Evalueserve specifically represented that "all shareholders are known and therefore no voting rights are suspended, except for the 123,716 shares held by the Company as treasury shares" A copy of the minutes, as circulated, is attached hereto as **Exhibit 2**.

41.     At the meeting, Evalueserve management proposed substantial modifications to the AoA. In particular, Evalueserve management proposed to modify Article 4 to permit the issuance of over *9 million* additional shares, increasing its total share capital from CHF 233,143.77 to CHF 349,715.65.

42.     If issued, these new shares would substantially dilute the Trusts' existing ownership of Evalueserve, harming their ability (both individually and collectively) to control governance going forward and reducing their share of corporate profits.

43.     Under Swiss law, certain corporate actions, including the issuance of shares, change in domicile, dissolution, and/or sale of the company require the approval of a 2/3 majority of shareholders participating in a General Meeting.

44.     By substantially diluting the existing minority shareholders, Evalueserve's management sought to strip them of all blocking rights concerning fundamental alterations to Evalueserve's ownership, domicile, and corporate structure.

45.     Some other minority shareholders did attend the June 24, 2025 meeting. In particular, Alok Aggarwal, who still has a beneficial interest in a substantial number of additional Evalueserve shares, attended the meeting and voted against the modification to the AoA.

46.     Notably, while the other shareholders were provided with notice of the June 24, 2025 meeting itself, they were not provided with the text of the modification to the AoA that was actually submitted for approval at that meeting. Instead, alternative language was adopted.

47.     Evalueserve's failure to provide proper notice of the meeting has enabled management to strip shareholders of their rights.

48.     As a result, Plaintiffs have no choice but to file suit seeking to invalidate the June 24, 2025 meeting and all actions taken therein.

**FIRST CAUSE OF ACTION**
**ARTICLE 706 OF THE SWISS CODE OF OBLIGATIONS**

49.     Plaintiffs repeat and reallege the allegations set forth in paragraphs above as though fully set forth herein.

50.     Evalueserve is a company organized under the laws of Switzerland, whose internal corporate procedures are governed and controlled by Swiss Law.

51.     Article 706 of the Swiss Code of Obligations[1] provides that:

> 1    The board of directors and every shareholder may challenge resolutions of the general meeting which violate the law or the articles of association by bringing action against the company before the court.

---

[1] An English translation of the relevant statute is provided by the Swiss Federation at: https://www.fedlex.admin.ch/eli/cc/27/317_321_377/en  A copy of the relevant portion of the statute is attached hereto as **Exhibit 3**.

   2  In particular, challenges may be brought against resolutions which:

    1. remove or restrict the rights of shareholders in breach of the law or the articles of association;

    2. remove or restrict the rights of shareholders in an improper manner;

    3. give rise to the unequal treatment or disadvantaging of the shareholders in a manner not justified by the company's objects;

    4. transform the company into a non-profit organisation without the consent of all the shareholders.

52. Evalueserve violated its Article of Association by, *inter alia*,

- Failing to provide Plaintiffs with twenty day's notice of the June 24, 2025 General Meeting as required by AoA Article 12;
- Purporting to adopt resolutions at the June 24, 2025 General Meeting that were not included in the notices that it sent to any shareholder, as required by AoA Articles 12 and 13;

53. In addition to its violations of the AoA, Evalueserve further violated Article 706 of the Swiss Code of Obligations as it adopted resolutions that "remove or restrict the rights of shareholders in breach of the law or the articles of association", "remove or restrict the rights of shareholders in an improper manner" and "give rise to the unequal treatment or disadvantaging of the shareholders in a manner not justified by the company's objects."

54. Evalueserve's violations of the AoA and the Swiss Code are material and have impaired both the value of Plaintiffs' shares and the governance rights that they represent.

55. Plaintiffs have been damaged by Evalueserve's violations of the AoA and the Swiss Code.

56. Pursuant to Article 706 of the Swiss Code of Obligations, "[a] court judgment that annuls a resolution made by the general meeting is effective for and against all the shareholders."

57. The Court should annul all resolutions adopted at the June 24, 2025 General Meeting.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs pray that this Court:

A. Annul all resolutions adopted at Evalueserve's June 24, 2025 General Meeting, including, but not limited to, all resolutions providing management with the right to issue new shares;

B. Permanently enjoin Evalueserve from issuing new shares pursuant to resolutions passed at the June 24, 2025 General Meeting;

C. Award litigation costs and expenses to Plaintiffs, including, but not limited to, reasonable attorneys' fees;

D. Award any additional and further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

**DATED:** New York, New York
July 16, 2025

By:  /s/ Rishi Bhandari
Rishi Bhandari

MANDEL BHANDARI LLP
Rishi Bhandari
80 Pine Street, 33rd Floor
New York, NY 10005
T: (212) 269-5600
F: (646) 964-6667
rb@mandelbhandari.com

*Attorneys for Plaintiffs*

8

COMPLAINT