UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE BRYN MAWR TRUST COMPANY
OF DELAWARE, et al.,

Plaintiffs,

v.

EVALUESERVE HOLDINGS AG,

Defendant.

Case No.  25-cv-05986-RFL

**ORDER DENYING MOTION FOR
TRO**

Re: Dkt. No. 9

Plaintiffs Bryn Mawr Trust Company, Premier Trust, Inc., and Adeeti Aggarwal seek a
temporary restraining order preventing Defendant Evalueserve Holdings AG ("Evalueserve")
from issuing new shares pursuant to a resolution passed at a June 24, 2025 shareholder meeting
in Zurich, Switzerland.  Plaintiffs allege they were denied proper notice of the meeting and that
the resulting resolution violates Swiss corporate law and the company's Articles of
Association.  Because Plaintiffs have not demonstrated that this Court has personal jurisdiction
over Evalueserve, the motion for a temporary restraining order is **DENIED**.

To issue a temporary restraining order against an entity, a district court first must have
personal jurisdiction over that entity.  *In re Est. of Ferdinand Marcos Hum. Rts. Litig.*, 94 F.3d
539, 545 (9th Cir. 1996).  Plaintiffs do not allege facts sufficient to establish general jurisdiction
over Evalueserve.  According to the Complaint, Evalueserve is headquartered in Switzerland,
operates globally with offices in seventeen countries, and provides services in over forty-five
countries.  (Dkt. No. 1 ¶¶ 15, 19.)  Plaintiffs also allege that Evalueserve maintains one office in
San Francisco, which Evalueserve disputes.  *Id.*  Even if Plaintiffs are right, these allegations are
insufficient to show that Evalueserve's contacts with California are so "continuous and

systematic" as to render it "essentially at home" in California.  *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014).

Nor have Plaintiffs shown that specific jurisdiction exists. The Ninth Circuit employs a three-part test for specific jurisdiction: (1) the defendant must purposefully direct activities at the forum or avail itself of the privilege of doing business in the forum; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  The claims in this case concern a Swiss corporation, a shareholder meeting held in Switzerland, and alleged violations of Swiss corporate governance law.  These matters have no connection to California.  The mere existence of shareholders in California, including the trusts represented by Plaintiffs, is insufficient.  *See Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1148 (9th Cir. 2017) ("[W]hen a defendant's relationship to the forum state arises from the fortuity of where the plaintiff resides [], it does not provide the basis for specific jurisdiction there.").

**IT IS SO ORDERED.**

Dated: July 23, 2025

_____
RITA F. LIN
United States District Judge